FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 07, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-CR-0138-SMJ-04 |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO SEVER TRIAL** |
| VICTOR JOSE RUIZ-MARQUEZ (04), | |
| Defendant. | |

Before the Court, with oral argument, is Defendant Ruiz-Marquez's Motion to Sever, ECF No. 126. The Defendant asks the Court to sever trial in this matter from trial of his co-defendants.

Defendant argues that the trial should be severed from the co-defendants because there is a danger that the jury will convict him based on his presence in an apartment where drugs were found and his association with the three co-defendants. Further, Defendant Ruiz-Marquez is concerned that trying the Defendant with the three co-defendants may prevent him from utilizing exculpatory evidence and testimony from his co-defendants as part of his defense.

ORDER - 1

The USAO contends that the Defendant's motion is premature, speculative, and does not demonstrate undue prejudice. Specifically, they argue that Defendant fails to address what "exculpatory" evidence he would be denied from utilizing at trial or how a jury could not differentiate and understand the specific evidence against him and any remaining co-defendants. USAO argues the Defendant also neglects to explain how this Court's limiting instructions, at trial, could not cure any possible concerns.

Where two or more defendants are joined for trial, a defendant may move for severance under Fed. R. Crim. P. 14, which provides: "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." Severance for prejudicial joinder under Rule 14 is discretionary. See, e.g., *United States v. Lutz*, 621 F.2d 940 (9th Cir. 1980). If it appears that a defendant is prejudiced by joinder of defendants in an indictment or by joinder for trial together, the Court may grant a severance or provide whatever other relief justice requires. See, e.g., *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980).

The Court finds good cause to grant the motion. Defendant suggests, among other reasons, that he may want to call co-defendants as witnesses at trial. This

reason alone warrants a severance as Defendant would undoubtedly be prejudiced if he were not able to call key witnesses due to their 5th Amendment privileges.

Accordingly, **IT IS HEREBY ORDERED**: Defendant Ruiz-Marquez's Motion to Sever, **ECF No. 126**, is **GRANTED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 7th day of July 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge